**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Morris Parks, | |
| Plaintiff, | Case No.: |
| v. | **COMPLAINT WITH JURY TRIAL DEMAND** |
| Envision Payment Solutions, Inc. | |
| Defendants. | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Georgia Fair Business Practices Act ("GFPBA"), O.G.C.A. § 10-1-393 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PARTIES

1. Plaintiff, Morris Parks, is natural person who resides in Fulton County, Georgia.

0

2. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant, Envision Payment Solutions, Inc. (hereinafter "Envision") does business in Georgia.

4. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

5. Defendant Envision was formerly known as Check Care/East Atlanta, Inc. and JTA/Atlanta, Inc.

6. Defendant has Articles of Incorporation on file with the Georgia Secretary of State, which state, in relevant part, that Defendant was organized, "To engage in the business of collections…"

7. In the regular course of its business, Defendant provides various businesses with collection services, and works to collect debts owed to Defendant's clients by making phone calls and mailing letters to consumers regarding their returned checks.

8. Defendant uses interstate commerce and/or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act and Telephone Consumer Protection Act claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3), and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

11. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

12. Plaintiff is the subscriber for the cellular telephone with the number 678-***-2312 (the "Cell Phone").

13. In or about February, 2015, Plaintiff began receiving calls on his Cell Phone from Defendant, seeking to collect a debt allegedly owed by Plaintiff.

14. Defendant's calls to Plaintiff were made from phone number 770-709-3188.

15. Phone number 770-709-3188 is a phone number that belongs to Defendant.

16. Over the course of approximately three and one-half months, Plaintiff received thirty-three (33) similar calls.

17. Defendant's website (https://envisionpayments.com) states that Defendant utilizes a predictive dialer as part of its "standard collection procedures."

18. When he answered calls from Defendant, Plaintiff heard a series of pauses and/or clicks and a delay at the beginning of Defendant's calls.

19. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

20. Defendant's website (https://envisionpayments.com) states, "Our Skip-Tracing Department searches for updated contact information when we discover the information provided is not accurate."

21. Upon information and belief, Plaintiff did not provide his Cell Phone number to the original creditor during the transaction that resulted in the

alleged debt, and never provided consent for Defendant to call him on his Cell Phone.

22. To the extent Plaintiff provided consent for Defendant to call him on his Cell Phone, Plaintiff revoked that consent in or about late February 2015.

23. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him on his Cell Phone.

24. Defendant knew, or should have known, that it did not have Plaintiff's consent to call Plaintiff on his Cell Phone.

25. Despite Plaintiff's revocation of consent, Defendant continued to call Plaintiff's Cell Phone.

26. Defendant's calls to Plaintiff had no emergency purpose.

27. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

28. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

29. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

30. Plaintiff carries his Cell Phone regularly and at most times to be accessible to his family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

31. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to the following: the consumption of "data," "airtime," and/or "minutes" as contemplated in Plaintiff's cellular service plan, that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"); emotional distress—including frustration and aggravation—in managing the persistent calls; and expenses associated with seeking to enforce Defendant's compliance with the law.

32. Upon information and belief, frequent, unauthorized phone calls are Defendant's modus operandi for debt collection, and such calls are made on a wide scale.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. For approximately three and one-half months, Plaintiff received at least thirty-three similar calls from Defendant's number 770-709-3188.

36. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or an emergency purpose, using an autodialer and/or predictive dialing equipment.

37. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Defendant knew that it did not have Plaintiff's consent to call Plaintiff's Cell Phone at all. As such, Defendant's repeated calls were knowing and/or willful violations of the TCPA.

39. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

42. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt, when Defendant had actual knowledge that Plaintiff did not consent to Defendant calling Plaintiff on his Cell Phone.

43. It was unfair for Defendant to continue to contact Plaintiff after he requested that Defendant stop contacting him.

44. Defendant's actions have interfered with Plaintiff's daily life in a manner that Plaintiff did not invite, disclaimed, and could not reasonably escape.

45. As pled herein, Plaintiff was harmed by Defendant's unfair conduct.

46. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

47. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection, and such calls are made on a wide scale.

48. Defendant's conduct amounts to an unfair business practice.

49. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

50. Plaintiff sent a written demand for relief to Defendant more than 30 days prior to filing this action, in accordance with O.G.C.A. § 10-1-399 (b), and Defendant did not respond with a reasonable offer of relief.

51. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53. Defendant's actions were intentional, rendering Defendant liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

54. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

55. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

56. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

57. Defendant's calls to Plaintiff's Cell Phone were in an effort to collect a debt.

58. Plaintiff has no commercial or business debts or obligations.

59. The alleged debt obligation, which was the subject of Defendant's repeated calls, arose out of a transaction wherein the goods and/or services were primarily for Plaintiff's personal, family, or household purposes, and therefore was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

60. Despite having actual knowledge that its calls to Plaintiff's Cell Phone were unauthorized, Defendant continued to call Plaintiff, cause Plaintiff's Cell Phone to ring, and engage Plaintiff in telephone conversation repeatedly.

61. It was abusive and harassing for Defendant to repeatedly cause Plaintiff's Cell Phone to ring, without Plaintiff's consent, for the purpose of attempting to collect a debt, when Defendant had actual knowledge that Plaintiff did not consent to Defendant calling Plaintiff on his Cell Phone.

62. It was abusive and harassing for Defendant to repeatedly engage Plaintiff in telephone conversation, without Plaintiff's consent, for the purpose of attempting to collect a debt, when Defendant had actual knowledge that Plaintiff did not consent to Defendant calling Plaintiff on his Cell Phone.

63. Defendant's repeated, unauthorized calls to Plaintiff's Cell Phone, amount to abuse and harassment, in violation of 15 U.S.C. § 1692d.

64. As a result of Defendant's campaign of abusive and harassing phone calls, Plaintiff has suffered actual damages, including, but not limited to the following: the consumption of "data," "airtime," and/or "minutes" as contemplated in Plaintiff's cellular service plan, that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"); emotional distress—including frustration and aggravation—in managing the persistent calls; and expenses associated with seeking to enforce Defendant's compliance with the law.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

65. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages, reasonable attorney's fees, and costs.

**WHEREFORE, Plaintiff prays that judgment be entered against this Defendant for:**

   a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

   b.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

c.) Reasonable attorneys' fees and costs pursuant to O.C.G.A. §§ 10-1-399(d) and/or 13-6-11;

d.) Plaintiff's actual damages;

e.) Statutory damages pursuant to 15 U.S.C. § 1692k;

f.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and,

g.) Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of March, 2016.

*/s/ Paul J. Sieg*
Paul J. Sieg, Bar No.: 334182
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) Actual, statutory,235-3333
psieg@mattberry.com
matt@mattberry.com
*Plaintiff's Attorneys*